IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACOB MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-03450-GEB-GGH |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO REMAND[*] |
| | ) | |
| ALZA CORPORATION; JANSSEN PHARMACEUTICA PRODUCTS, L.P.; JANSSEN PHARMACEUTICA, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; and JOHN DOES 1-100, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff moves to remand this case to the Solano County Superior Court in California from which Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI")[1] removed it, arguing that removal was improper under 28 U.S.C. § 1441(b). Whether the case should be remanded depends on the interpretation of the following language in 28 U.S.C. § 1441(b), known as the "forum defendant rule," which the

___

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1] OMJPI states in its notice of removal that it was formerly known as Janssen Pharmaceutica, Inc. and that it was erroneously sued as Janssen Pharmaceutica Products, L.P. and Janssen Pharmaceutica, Inc.

1

parties dispute: "[an action based on diversity jurisdiction] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Plaintiff argues since Defendant Alza Corporation ("Alza") is a citizen of California, the state in which this action was brought, removal was improper.  Defendants counter since forum defendant Alza had not been served when OMJPI removed the case, § 1441(b) authorized removal if removal occurs before the forum defendant is served.  Plaintiff rejoins, this interpretation of § 1441(b) would permit a defendant to remove a case before plaintiffs have a sufficient opportunity to serve a forum defendant.  (Plt.'s Mot. to Remand 7:1-8:23.)

"The 'properly joined and served' language . . . [was] added to § 1441(b) in 1948, [and] has widely been interpreted as reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal."  Khashan v. Ghasemi, 2010 WL 1444884, at *2 (C.D. Cal.); see also Stan Winston Creatures, Inc. v. Toys R Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) ("The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."); Brown v. Organon USA Inc., 2008 WL 2625355, at *7-*8 (D.N.J. 2008) (same); Allen v. GlaxoSmithKline PLC, 2008 WL 2247067, at *6 (2008) (same); DeAngelo-Shuayto v. Organon USA Inc., 2007 WL 4365311, at *3 (D.N.J. 2007) (same); In re Aradia and Zometa Prod. Liab. Litig., 2007 WL 2905247, at *2 (M.D. Tenn. 2007) (same).  When Congress added the "properly joined and served" language to the statute:

> Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, inter alia, electronically monitoring the state court dockets. Thus, Congress would have had no thought to wording the statute with this modern problem in mind.

Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 645 (D.N.J. 2006); see also Brown, 2008 WL 2625355, at *7 ("From a pragmatic standpoint, a literal application would allow defendants to avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service.").

In Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969), the Ninth Circuit indicated how the "joined and served" language in 28 U.S.C. § 1441(b) should be construed as follows: "Occasional holdings that unserved codefendants can be ignored in deciding removal petitions stem from the . . . misassumption that 28 U.S.C. § 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." Therefore, notwithstanding the text of § 1441(b), which states it applies only where the forum defendant has been served, the Court departs from a literal interpretation here because "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Id. at 1176. A case may be remanded under this principle upon the timely motion of a plaintiff who did not have sufficient opportunity to effect service on a forum defendant before removal.

Authorizing remand under such circumstances is consistent with the purpose of § 1441(b) explained in Lively v. Wild Oats Markets, 456 F.3d 933 (9th Cir. 2006), as follows:

> Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court.

Id. at 940 (citations omitted).

Here, Plaintiff seeks to return to the state forum he selected since the case was removed before he had a sufficient opportunity to serve the forum defendant. OMJPI removed this case a mere two days after it was filed. Both OMJPI and Alza were subsequently served within one month of Plaintiff filing the complaint, and there is no indication that either defendant was joined solely for the purpose of defeating removal. Under these circumstances, the removal was "at odds with the underlying purpose of the [statute]." Commodity Futures Trading Comm'n v. P.I.E., Inc., 853 F.2d 721, 725-26 (9th Cir. 1988).

Since OMJPI removed this action before Plaintiff had a sufficient opportunity to serve the forum defendant, Plaintiff prevails on his remand motion. Therefore, this case is remanded to the Solano County Superior Court in California.

Dated: June 30, 2010

GARLAND E. BURRELL, JR.
United States District Judge